IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

KEEN L.A. SMITH, JR.

    Plaintiff,

  v.

STATE OF ALASKA, *et al.*,

    Defendants.

Case No. 3:24-cv-00068-SLG

## SCREENING ORDER

On March 31, 2024, self-represented prisoner Keen L.A. Smith, Jr. ("Plaintiff") filed a complaint, a civil cover sheet, and an application to proceed without paying the filing fee.[1] Plaintiff appears to claim that he was falsely imprisoned beginning in September 2020 until February 24, 2022.[2] Plaintiff also claims he "was targeted through false identity and false testimony."[3] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[4]

---

[1] Dockets 1–3.

[2] Docket 1 at 5.

[3] Docket 1 at 4.

[4] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); S*ee also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order. As explained below, an amended complaint may only include claims against Officer Timothy Cronin; Plaintiff must not bring any claims against the Alaska Court System or the Alaska State Troopers.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[5] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[6]

---

[5] 28 U.S.C. §§ 1915, 1915A.

[6] 28 U.S.C. § 1915(e)(2)(B).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 2 of 14

In conducting its screening review, a court must liberally construe a self-represented plaintiff's complaint and give the plaintiff the benefit of the doubt.[7] Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[8] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[9] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[10] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[11]

---

[7] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

[8] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[9] *See Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[10] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[11] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including ... details contrary to his claims").

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 3 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 3 of 14

## DISCUSSION

### I. Requirements to State a Claim

To determine whether a complaint states a valid claim for relief, a district court considers whether the complaint contains enough facts that if accepted as true, "state[s] a claim to relief that is plausible on its face."[12] A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[14]

During screening, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.[15] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted

---

[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001)).

[13] *Ashcroft*, 556 U.S. at 678.

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 4 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 4 of 14

deductions of fact.[16] Further, a court cannot act as counsel for a self-represented litigant, such as by supplying the essential elements of a claim.[17]

## II. Civil Rights Claims under 42 U.S.C. § 1983 ("Section 1983")

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or federal statutes.[18] A defendant in a civil rights lawsuit must be a "person."[19] A person acting under the color of state law "'subjects' another to the deprivation of a constitutional right, within the meaning of Section 1983, if the person does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."[20] To be deprived of a right, the defendant's action needs to either violate rights guaranteed by the Constitution or an enforceable right created by federal law.[21] Section 1983 does not confer constitutional or federal statutory rights.

---

[16] *Doe I v. Wal–Mart Stores, Inc.,* 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

[17] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[18] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[19] 42 U.S.C. § 1983.

[20] *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

[21] *Buckley v. City of Redding*, 66 F. 3d 188, 190 (9th Cir. 1995); *Blessing v. Freestone*, 520 U.S. 329, 340-41 (1997).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 5 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 5 of 14

Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[22]

### A. Defendants

The Eleventh Amendment to the U.S. Constitution gives states sovereign immunity, which prohibits lawsuits against a state or the "arms of the state" (the State's governmental branches, divisions, offices, and departments), unless the State or agency agrees to waive its immunity.[23] Further, the State of Alaska and state agencies are not considered "persons" under Section 1983.[24] Therefore, Plaintiff cannot maintain a Section 1983 claim in federal court against the State of Alaska or any of its departments or agencies. Therefore, all claims against the Alaska Court System and the Alaska State Troopers are DISMISSED with prejudice. This means Plaintiff may not bring any claims against the Alaska Court System or the Alaska State Troopers in an amended complaint.

However, Plaintiff may file an amended complaint as to Officer Timothy Cronin. To state a viable claim against a person, a plaintiff must allege that he

---

[22] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[23] *Alabama v. Pugh*, 348 U.S. 781 (1978); *see also Hans v. Louisiana,* 134 U.S. 1, 15 (1890).

[24] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 does not include a State or State agency).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 6 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 6 of 14

suffered a specific injury as a result of the conduct of that particular defendant and allege an affirmative link between the injury and the conduct of that defendant.[25]

### B. False Arrest and False Imprisonment

Wrongful arrest and false imprisonment concern the unlawful detention of a person without proper legal authority or justification.[26] Such claims are one and the same because "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."[27] Such claims require "detention without legal process" and accrue once legal process is initiated.[28] If an individual was arrested and detained pursuant to a valid warrant, he cannot claim false arrest.[29] If he was arrested without a warrant, any false imprisonment claim accrues once the individual becomes held pursuant to proper legal process—when, for example, he is arraigned on the charges.[30] After that point, "any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself."[31]

---

[25] *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

[26] *Lacey v. Maricopa County,* 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted).

[27] *Wallace v. Kato,* 549 U.S. 384, 388 (2007).

[28] Wallace v. Kato, 549 U.S. 384 (2007).

[29] *See, e.g., Whiteley v. Warden, Wyo. State Penitentiary,* 401 U.S. 560, 568–569 (1971) (holding that an arrest violated the Fourth Amendment because a magistrate's warrant was invalid as it was not backed by probable cause).

[30] *Wallace v. Kato,* 549 U.S. 384, 389 (2007).

[31] *Id.* at 390.

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 7 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 7 of 14

### C. Malicious Prosecution

To bring a malicious prosecution claim under § 1983, "a plaintiff must show that the defendants prosecuted him with malice and without probable cause, and they did so for the purpose of denying him equal protection or another specific constitutional right."[32] Before a plaintiff can successfully pursue such a claim, the plaintiff must show a favorable termination of the underlying criminal case against him.[33]

### D. Deliberate Fabrication of Evidence

"The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a [government] official."[34] To bring a deliberate-fabrication-of-evidence claim, a plaintiff must allege facts, that accepted as true, demonstrate "that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty."[35] Like a malicious prosecution claim, a

---

[32] *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995) (internal brackets omitted)).

[33] *Thompson v. Clark*, 596 U.S. 36 (2022).

[34] *Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017); *Devereaux v. Abbey,* 263 F.3d 1070, 1076 (9th Cir. 2001). *See also Bradford v. Scherschligt,* 803 F.3d 382, 386 (9th Cir. 2015) ("A Devereaux claim is a claim that the government violated the plaintiff's due process rights by subjecting the plaintiff to criminal charges based on deliberately-fabricated evidence.").

[35] *Spencer,* 857 F.3d at 798; *Caldwell v. City & Cnty. of San Francisco,* 889 F.3d 1105, 1115 (9th Cir. 2018).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 8 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 8 of 14

deliberate fabrication of evidence claim requires a showing that the criminal charges were terminated in the individual's favor.[36]

### III. Plaintiff Does Not State a Cognizable Claim

The Complaint does not indicate which specific state court criminal case Plaintiff is challenging. Although Plaintiff claims he was charged sometime in or about September 2020, the state court records do not show any criminal cases filed against Plaintiff between July 16, 2019, and November 1, 2022.[37] Further, although Plaintiff alleges he was released in February 2022, it is unclear whether the charges were then dismissed, he was found not guilty after a jury trial, or if he was convicted and then released at the end of an imposed sentence.

For the foregoing reasons, the Complaint is DISMISSED. Plaintiff is accorded **60 days** to file an amended complaint that corrects the deficiencies identified in this order. In an amended complaint, Plaintiff must identify the case number, the outcome (including any sentencing information), and any relevant dates (date of arrest, dates of arraignment or bail hearing, date of disposition, date of release, etc.). Further, if Plaintiff was convicted, he must demonstrate the conviction or sentence has been reversed on direct appeal, expunged by executive

---

[36] *Cf. Bradford v. Scherschligt*, 803 F.3d 382, 387–89 (9th Cir. 2015) (claim for deliberate fabrication of evidence accrues when charges are fully and finally resolved and can no longer be brought against defendant; here, acquittal at retrial.).

[37] *See State of Alaska vs. Smith,* Case No. 3AN-19-07062CR (filed 7/16/2019) and Case No. 3AN-22-14462MO (filed 11/01/2022).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 9 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 9 of 14

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.[38]

## FILING AN AMENDED COMPLAINT

An amended complaint replaces the prior complaint in its entirety.[39] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[40] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[41] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[42] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

---

[38] *Thompson v. Clark,* 596 U.S. 36, 44 (2022) ("In accord with the elements of the malicious prosecution tort, a Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him.").

[39] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[40] Fed. R. Civ. P. 8(a)(2).

[41] Although a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[42] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 10 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 10 of 14

Although Plaintiff has been given the opportunity to file an amended complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint may not include any defendants or claims that have been dismissed with prejudice.

### **Motion to Appoint Counsel**

A litigant has no right to an appointed attorney in a federal civil action.[43] Pursuant to 28 U.S.C. § 1915(e)(1), a district court "may request an attorney to represent any person unable to afford counsel." However, a district court's decision to request counsel for a self-represented litigant in a civil action is discretionary and granted only in exceptional circumstances.[44] Further, although Section 1915(e)(1) permits a court to request an attorney represent any person unable to afford counsel, the Court can only appoint an attorney who volunteers to represent a litigant. Currently, the Court does not have a list of volunteer attorneys from which it may request counsel to represent Plaintiff. If a volunteer attorney comes forward to accept this case, the Court may appoint counsel at that time.

---

[43] *See Turner v. Rogers*, 564 U.S. 431, 441, 131 S.Ct. 2507, 2516 (2011) ("[T]he Sixth Amendment does not govern civil cases."); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) ("Generally, a person has no right to counsel in civil actions.").

[44] *Palmer,* 560 F.3d at 970 ("[A] court may under 'exceptional circumstances' appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).") (citations omitted).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 11 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 11 of 14

For these reasons, Plaintiff's motion for court-appointed counsel at Docket 7 is DENIED without prejudice.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED** for failing to state a to state a claim upon which relief could be granted. The Court grants Plaintiff leave to file an amended complaint as to Trooper Timothy Cronin only.

2. All claims against the State of Alaska Court System and the Alaska State Troopers are **DISMISSED with prejudice**. The Clerk shall terminate these defendants.

3. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. First Amended Complaint, in which Plaintiff cures the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. Notice of Voluntary Dismissal, in which Plaintiff elects to close and end the case.

4. If Plaintiff does not timely file either an Amended Complaint or Notice of Voluntary Dismissal on the Court's form, the case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

5. Plaintiff's application to waive prepayment of the filing fee at **Docket 3 is GRANTED.**

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 12 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 12 of 14

6. Plaintiff is advised federal law only allows prisoners to waive prepayment of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[45] Should Plaintiff proceed with this lawsuit and sufficiently plead a claim for relief in an amended complaint, the Court will issue a separate order on the collection of the filing fee.

7. If Plaintiff is released while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[46] Failure to comply may result in dismissal of this action.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.[47] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[45] 28 U.S.C. § 1915(b)(1)&(2).

[46] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[47] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 13 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 13 of 14

9. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

10. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[48] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

11. With this order, the Clerk is also directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

12. Plaintiff's motion for court-appointed counsel **at Docket 7 is DENIED without prejudice.**

DATED this 15th day of August 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE

---

[48] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Screening Order
Page 14 of 14
Case 3:24-cv-00068-SLG   Document 9   Filed 08/15/24   Page 14 of 14