# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

KEEN L.A. SMITH, JR.

        Plaintiff,

        v.

TIMOTHY CRONIN,

        Defendant.

Case No. 3:24-cv-00068-SLG

## SECOND SCREENING ORDER

On September 5, 2024, self-represented prisoner Keen L.A. Smith, Jr. ("Plaintiff") filed a First Amended Complaint ("FAC") and a letter addressed to the Clerk of Courts.[1] The Court has now screened the FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Although the scope of review generally is limited to the contents of the operative complaint,[2] the Court also reviewed the enclosed letter. However, it is not the Court's responsibility to review filings, exhibits, or additional external information to identify possible claims. Instead, all necessary information must be included within the body of the amended complaint itself.[3] Regardless, the information contained in the FAC and the letter is insufficient to allow this case to pass through the screening process.

---

[1] Docket 10.

[2] *See United States v. Corinthian Colleges,* 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.,* 250 F.3d 668, 688 (9th Cir. 2001); *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[3] *See Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (2018).

**Plaintiff has not pleaded sufficient facts that, if proven, would demonstrate that there were criminal charges pressed against him that were terminated favorably.**

As stated in the Court's previous screening order, before a plaintiff may proceed on claims of malicious prosecution or fabrication of evidence, he must show a favorable termination of the underlying criminal case against him.[4] In the enclosed letter, Plaintiff claims only that he was charged with "horrible" but unspecified crimes and confined against his will. He does not explain when or why he was arrested, and who arrested him on what charges. The FAC also claims Plaintiff was released from custody on or about February 24, 2022, on these unspecified charges, but states Plaintiff does not know when the charges giving rise to his claims in this case were resolved.[5] In short, the FAC does not contain any explanation as what specific charges were brought against Plalintiff nor provide any additional information regarding the outcome of any criminal prosecution that was brought against him. Specifically, it is unclear which, if any, criminal charges were brought against Plaintff and how those were resolved: by the prosecutor, or by the trial court, if Plaintiff was found not guilty after a jury trial, or following trial if a conviction was overturned on appeal.

Similarly, the FAC contains only conclusory allegations that Trooper Cronin "made false accusations" against Plaintiff in his reports. But his FAC does not

---

[4] Docket 9 at 7-10.

[5] Docket 10-1.

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 2 of 8
Case 3:24-cv-00068-SLG    Document 11    Filed 01/15/25    Page 2 of 8

delineate when those accusations were made, what those accusations were, and why they were false. The FAC contains a vague reference to a photo line-up but again, fails to present any facts that could support a finding that the line-up violated Plaintiff's federal constitutional rights.

In the letter attached to FAC, Plaintiff did provide a state court case number and the name of the attorney who represented him in the case, and he claims the public defender's office has a copy of the casefile.[6] However, even if the public defender's case file contains the missing information—or even if the case details were available on Courtview (which it appears they are not)—it is Plaintiff's responsibility to gather and plead the necessary facts to support his claims. The Court does not conduct independent research or investigations on behalf of litigants and will not seek out information from any external organizations, such as public defender's offices. Because Plaintiff has not described the criminal charges that were brought against him, nor has he explained how those charges were terminated favorably to him, nor has he explained how Trooper Cronin made false accusations against him that resulted in Plaintiff's arrest, he may not proceed on his claims as pleaded. Therefore, the FAC is DISMISSED for failing to state sufficient facts to support a plausible claim upon which relief may be granted.

A plaintiff's failure to cure a complaint's deficiencies constitutes "a strong indication that the [plaintiff has] no additional facts to plead" and "any attempt to

---

[6] *Id.*

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 3 of 8

amend would be futile[.]"[7] Indeed, the Court's "discretion to deny leave to amend is particularly broad where[, as here,] the plaintiff has previously amended the complaint."[8] However, in the interests of fundamental fairness, Plaintiff is granted one additional chance to file a second amended complaint to try to fix the deficiencies identified in this order. An amended complaint should not include letters as attachments.[9] Instead, the necessary information must be included within the body of the amended complaint itself. Plaintiff may attach to an amended complaint relevant court records and/or police reports that he specifically references in the amended complaint that he believes support his claims.

## FILING AN AMENDED COMPLAINT

Plaintiff is accorded **60 days** from the date of this order to file a Second Amended Complaint. An amended complaint replaces the prior complaint in its entirety.[10] An amended complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[11] The Court will not consider additional arguments contained in any letter Plaintiff attaches to an amended

---

[7] *Zucco Partners, LLC v. Digimarc Corp.,* 552 F.3d 981, 1007 (9th Cir. 2009) (citation and internal quotation marks omitted). *See also Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013) (district court properly denied leave to amend when "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply.").

[8] *San Francisco Herring Ass'n v. Dep't of the Interior,* 946 F.3d 564, 582 (9th Cir. 2019) (quoting Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)).

[9] *Amina v. WMC Finance Co.,* 329 F.Supp.3d 1141 (2018).

[10] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[11] Fed. R. Civ. P. 8(a)(2).

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 4 of 8
Case 3:24-cv-00068-SLG    Document 11    Filed 01/15/25    Page 4 of 8

complaint, as that is not proper procedure to amend a complaint.[12] Any claim not included in the amended complaint will be considered waived. Additionally, an amended complaint need not and should not contain legal research or analysis; and a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage, although, as noted above, Plaintiff may attach relevant state court charging documents, dismissal orders, and police reports.[13]

The amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number being repeated anywhere in the complaint.[14] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

Although Plaintiff is being given a second opportunity to file an amended

---

[12] *See* Fed. R. Civ. P. 15(a); *see also* Local Civil Rule 15.1

[13] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[14] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 5 of 8
Case 3:24-cv-00068-SLG   Document 11   Filed 01/15/25   Page 5 of 8

complaint, he shall not unjustifiably expand the scope of the case by alleging new unrelated parties or claims. An amended complaint must not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis. An amended complaint may not include any defendants or claims that have been dismissed with prejudice.

**IT IS THEREFORE ORDERED:**

1. The FAC at **Docket 10 is DISMISSED** for failing to state a claim upon which relief could be granted.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>Second Amended Complaint</u>, in which Plaintiff cures the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end the case.

3. If Plaintiff does not timely file either a Second Amended Complaint or Notice of Voluntary Dismissal on the Court's form, this case may be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice to Plaintiff.

4. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 6 of 8
Case 3:24-cv-00068-SLG   Document 11   Filed 01/15/25   Page 6 of 8

Court orders.[15] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

5. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

6. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[16] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

7. With this order, the Clerk is also directed to send: (1) form PS01, with "SECOND AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

---

[15] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts. gov/court-info/local-rules-and-orders/local-rules.

[16] *See* Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number.").

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 7 of 8
Case 3:24-cv-00068-SLG   Document 11   Filed 01/15/25   Page 7 of 8

DATED this 15th day of 2025.

>*/s/ Sharon L. Gleason*
>SHARON L. GLEASON
>UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00068-SLG, *Smith v. State of Alaska, et al.*
Second Screening Order
Page 8 of 8
Case 3:24-cv-00068-SLG     Document 11     Filed 01/15/25     Page 8 of 8