**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| KEEN L.A. SMITH, JR.,<br><br>Plaintiff,<br>v.<br><br>TIMOTHY CRONIN,<br><br>Defendant. | Case No. 3:24-cv-00068-SLG |

## ORDER ON MOTION TO DISMISS

Before the Court at Docket 29 is Defendant Alaska State Trooper Timothy Cronin's Motion to Dismiss. Plaintiff Keen L.A. Smith responded in opposition at Docket 31, to which Defendant replied at Docket 34. Oral argument on the motion was not requested and was not necessary to the Court's determination.

## BACKGROUND

The Court takes judicial notice of the public documents filed by Defendant and *Smith v. Dept. of Public Safety, et al.,* Case No. 3:21-cv-00137-RRB.[1] The facts from those documents and as alleged in Plaintiff's Second Amended Complaint ("SAC") are as follows:

---

[1] *See* Dockets 29-1, 29-2, 29-3, 29-4. Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.,* 971 F.2d 244, 248 (9th Cir. 1992) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (citations and quotations omitted).

Sometime between April and June of 2019, Trooper Cronin assisted in a "task-force traffic stop" at which he asked Mr. Smith questions about a burglary in Wasilla involving three suspects, and gave Mr. Smith information about the burglary.[2] Trooper Cronin requested that Mr. Smith contact him if he saw the suspects.[3] In July 2019, when Plaintiff was incarcerated on an unrelated matter, Trooper Cronin again interviewed him about the burglary and informed Mr. Smith that he was now a suspect in that case.[4]

On June 9, 2020, Mr. Smith was indicted on five felony counts in Palmer Superior Court in connection with a June 1, 2019 incident: Robbery in the First Degree, Misconduct Involving a Weapon in the First Degree, Burglary in the First Degree, Assault in the Third Degree, and Theft in the Second Degree.[5] On June 17, 2020, Mr. Smith was arraigned on those charges.[6]

On June 2, 2021, Mr. Smith filed a lawsuit in this Court against the Alaska Department of Public Safety, Alaska Department of Law, Alaska Court System, Department of Corrections, and the Public Defender Agency alleging violations of his right to speedy trial and due process, as well as for wrongful incarceration,

---

[2] Docket 19 at 12.

[3] *Id*.

[4] Docket 19 at 12–13.

[5] Indictment, *State v. Keen Smith,* 3PA-20-01154CR, Docket 29-2 at 4; Docket 23-1 at 2.

[6] Arraignment Log Sheet, *State v. Keen Smith,* 3PA-20-001154CR, Docket 29-1.

slander, and libel.[7] The 2021 federal lawsuit involved the same underlying Palmer Superior Court case, *Alaska v. Smith,* Case No. 3PA-20-01154CR.[8] The federal case was dismissed on August 27, 2021 for failure to prosecute.[9]

On January 24, 2022, the Palmer Superior Court granted Mr. Smith's motion to dismiss the indictment in *Alaska v. Smith,* Case No. 3PA-20-01154CR.[10] On February 24, 2022, Mr. Smith was released from custody.[11]

On March 21, 2024, Mr. Smith filed his Complaint in this case.[12] The Court screened the case, dismissed the Complaint for failure to state a claim upon which relief may be granted, and granted Mr. Smith leave to file an amended complaint as to Trooper Cronin only.[13] The Court also dismissed Mr. Smith's First Amended Complaint ("FAC") for failure to state a claim, but granted him leave to file another amended complaint.[14] Mr. Smith filed the SAC on June 16, 2025.[15] Trooper Cronin filed the instant Motion to Dismiss in January 2026.[16]

---

[7] *Smith v. Dept. of Public Safety, et al.,* Case No. 3:21-cv-00137-RRB, Docket 1.

[8] *Smith v. Dept. of Public Safety, et al.,* Case No. 3:21-cv-00137-RRB, Docket 5 at 4, n.16.

[9] *Smith v. Dept. of Public Safety, et al.,* Case No. 3:21-cv-00137-RRB, Dockets 10, 11.

[10] Docket 23-1 at 2–14.

[11] Docket 19 at 13.

[12] Docket 1.

[13] Docket 9.

[14] Docket 11.

[15] Docket 19.

[16] Docket 29.

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] When deciding a Rule 12(b)(6) motion, a court considers only the "complaint, materials incorporated into the complaint by reference, and matters on which the court may take judicial notice."[18]

When a motion to dismiss for failure to state a claim is granted, a court "should freely give leave when justice so requires."[19] However, "leave may be denied if amendment of the complaint would be futile."[20] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[21]

## DISCUSSION

Mr. Smith brought this action under 42 U.S.C. § 1983.[22] His allegations

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

[19] Fed. R. Civ. P. 15(a).

[20] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[21] *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citation omitted).

[22] Docket 1.

have been interpreted by the Court as raising the following claims: false arrest and false imprisonment, malicious prosecution, and deliberate fabrication of evidence by Trooper Cronin.[23] Trooper Cronin asks that the Court dismiss all of Mr. Smith's claims as time barred, as barred by res judicata, and for failure to state a claim upon which relief may be granted.[24]

## I. Statute of Limitations

In the Motion to Dismiss, Trooper Cronin asserts that "Mr. Smith's claims against [him] are time barred by the statute of limitations because [Mr. Smith] did not file his original complaint until [more than] two years after" Mr. Smith was released from custody.[25] Mr. Smith responds that "[t]he late filing claim [is] incorrect because the case wasn't fully closed and addressed by the courts and on Courtview because [ ] Covid-19 was still going on to where the court system was backed up and the Courtview system still had showed cases still being opened even though they were closed for weeks or even months."[26] He contends that the delay in the closure of his case on CourtView prevented him from filing this lawsuit sooner because he "was told by the courts that I could not file a law-suit while the [criminal] case was on-going."[27] Mr. Smith added that "[i]t took the

[23] Docket 9 at 7–9.

[24] Docket 29.

[25] Docket 29 at 8.

[26] Docket 31 at 4.

[27] Docket 31 at 1.

courts a week and a few days to fix the situation, [but] . . . the case got closed[.]"[28] Trooper Cronin counters that any delay in updating CourtView does not support extending the date of accrual beyond January 24, 2022, the date of the dismissal of Mr. Smith's indictment, or at the very latest, February 24, 2022, the date he was released from custody.[29]

Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for torts.[30] Federal courts also apply the forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[31] In Alaska, the statute of limitations for tort claims is two years.[32] That means that a Section 1983 case must be filed no later than two years from when the claim accrued. "A claim accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of action."[33]

False imprisonment and false arrest are both torts arising from a person's detention without legal process.[34] Consequently, the unlawful detention ends and

---

[28] Docket 31 at 4.

[29] Docket 34 at 2.

[30] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[31] *Belanus v. Clark,* 796 F.3d 1021, 1025 (9th Cir. 2015).

[32] Alaska Stat. § 09.10.070.

[33] *Fink v. Shedler,* 192 F.3d 911, 914 (9th Cir. 1999) (citing *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir. 1996)).

[34] *Wallace v. Kato,* 549 U.S. 384, 388–89 (2007).

the statute of limitations commences for a Section 1983 false imprisonment or false arrest claim when the person is held pursuant to legal process, such as at arraignment.[35] In this case, Mr. Smith was arraigned on June 17, 2020.[36] However, malicious prosecution and fabricated evidence claims accrue "only once the underlying criminal proceedings have resolved in the plaintiff's favor."[37] Here, the state court indictment was dismissed on January 24, 2022.[38] Mr. Smith filed his initial Complaint in this case on March 21, 2024, more than two years after the dismissal of the state criminal case and nearly four years after his arraignment in that case.[39]

Alaska law allows equitable tolling of the statute of limitations if the plaintiff is incompetent by reason of mental illness or mental disability at the time the cause of action accrues.[40] Alaska's equitable tolling doctrine may also apply if a plaintiff first files a suit in the wrong court and then refiles in the correct court, such that the statute of limitations will not run while the litigation was pending in the first court.[41] However, the statute of limitations for federal civil rights claims is

---

[35] *Id.* at 389.

[36] Arraignment Log Sheet, *State v. Keen Smith,* 3PA-20-001154CR, Docket 29-1.

[37] *McDonough v. Smith,* 588 U.S. 109, 116 (2019).

[38] Docket 23-1 at 14.

[39] Docket 1.

[40] Alaska Stat. § 09.10.140(a).

[41] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 881–82 (Alaska 2005) (explaining that a statute of limitations may be equitably tolled if (1) pursuit of the initial remedy gives the defendant notice of the plaintiff's claim, (2) the defendant's ability to gather evidence is not prejudiced by the

not tolled during the pendency of a case filed in federal court that is dismissed without prejudice for failure to prosecute, and then refiled later in the same court, as is the case here.[42] Here, Mr. Smith knew or should have known the state felony charges against him were dismissed in his favor no later than February 24, 2022, as he was released from custody on that date. Specifically, the SAC states that he "was kept in jail until Feb. 24, 2022 due to these charges and I had them dismissed at a[n] evidentiary hearing where the facts of the case [were] presented and the truth came out that I had absolutely [ ] nothing to do with these charges."[43] Further, the alleged delay in the updating of the Alaska Court System's public website, CourtView, for a week to ten days to reflect the case's closure is not a sufficient reason for tolling the two- year statute of limitations for Mr. Smith's claims, given that Mr. Smith already knew the case had been dismissed by no later than February 24, 2022.[44] And in any event, as Defendant notes, even if that CourtView delay were considered, it would not extend the statute beyond March 10, 2022, and Mr. Smith did not initiate this suit until March 21, 2024, which

---

delay, and (3) the plaintiff acted reasonably and in good faith).

[42] *Holt v. County of Orange,* 91 F.4th 1013 (2024) (holding that the statute of limitations for Holt's Section 1983 claims was not tolled during the time those claims were pending in the first court case that she voluntarily dismissed, and her claims untimely when she refiled). *But see* 28 U.S.C. § 1367(d) (providing that the period of limitations for supplemental state law claims is tolled while those claims are pending in federal court).

[43] Docket 19 at 13.

[44] Docket 31 at 4.

is still over two years later.[45]

Mr. Smith filed his initial Complaint nearly four years after his arraignment and more than two years after his release from custody on the state felony charges.[46] He has not plausibly alleged any facts demonstrating a basis for equitable tolling of the applicable two-year statute of limitations. Therefore, this action must be dismissed because Mr. Smith's claims are time barred.

"The underlying purpose of statutes of limitations is fairness."[47] Although Mr. Smith clearly believes Trooper Cronin violated his rights in 2019 and 2020, an individual seeking redress must bring timely claims; here, Mr. Smtih brings his claims too late to seek redress. Statutes of limitations are necessary to protect against stale claims, enable opposing parties to defend themselves, and provide legal certainty.[48]

Because all of Mr. Smith's claims are time barred by the Alaska two-year statute of limitations, the Court does not reach Trooper Cronin's alternative bases for dismissal.

---

[45] Docket 34 at 3.

[46] Dockets 1, 23-1, 29-2.

[47] *Montana Pole & Treating Plant v. I.F. Laucks and Co.,* 993 F.2d 676, 678 (9th Cir. 1993).

[48] *See Rustico v. Intuitive Surgical, Inc.,* 993 F.3d 1085, 1093 (9th Cir. 2021) ("The basic purpose of a statute of limitations is to protect . . . against the prosecution of stale claims.") (citation omitted); *Montana Pole & Treating Plant,* 993 F.2d at 678 ("Claims should be brought within a reasonable time to enable the opposing party to mount an effective defense."); *In re Neff,* 824 F.3d 1181, 1185 (9th Cir. 2016) ("Statutes of limitations serve the policies of 'repose, elimination of stale claims, and certainty about a plaintiff's opportunity for recovery and a defendant's potential liabilities.'") (quoting *Young v. United States,* 535 U.S. 43, 47 (2002)).

## II. The Court finds that amendment would be futile

Rule 15 requires that leave to amend be freely given "when justice so requires."[49] "This policy is 'to be applied with extreme liberality.'"[50] The Supreme Court has identified five factors a court should consider when deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended its complaint.[51] Here, allowing leave to file a third amended complaint would be futile because Mr. Smith's claims are barred by the statute of limitations and no additional facts could be added that would cure this deficiency.[52]

## CONCLUSION

For the foregoing reasons, the Court finds that Mr. Smith's false arrest, false imprisonment, malicious prosecution, and deliberate fabrication of evidence claims are barred by the applicable two-year statute of limitations under Alaska law, and that he has not plausibly alleged facts demonstrating a basis for equitable tolling of the statute of limitations. Therefore, the Court does not reach

---

[49] Fed. R. Civ. P. 15(a)(2).

[50] *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens,* 244 F.3d at 712.

[51] *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

[52] *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.,* 522 F.3d 1049, 1060 (9th Cir. 2008) (holding that when a plaintiff's claims "are barred by the statute of limitations, any amendments would have been futile").

Defendant's alternative bases for dismissal.

IT IS ORDERED that Defendant Cronin's Motion to Dismiss at Docket 29 is GRANTED, and the Second Amended Complaint is DISMISSED WITH PREJUDICE AND WITHOUT LEAVE TO AMEND. All pending motions are DENIED as moot. The Court directs the Clerk of Court to enter judgment in favor of Defendant and close this case.

DATED this 26th day of August, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE